UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:05-cv-162-R

BOBBI McGONIGLE and
KYLE McGONIGLE,                                                                                           PLAINTIFFS

v.

WARREN L. WHITEHAWK,
BERTRAM DRILLING, INC., and
ST. PAUL FIRE AND MARINE INSURANCE CO.,                                              DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Warren L. Whitehawk's ("Whitehawk") Partial Motion for Summary Judgment (Docket #12). The Plaintiffs, Bobbi McGonigle ("Mrs. McGonigle" or "McGonigle") and Kyle McGonigle ("Mr. McGonigle") have responded (Docket #18), and Whitehawk has replied to that response (Docket #30). This matter is now ripe for adjudication. For the following reasons, the Defendant's Motion for Partial Summary Judgment is **DENIED**.

## BACKGROUND

On the evening of November 23, 2004, at around midnight, Whitehawk was driving a work truck owned by co-Defendant Bertram Drilling, Inc. ("Bertram") that rammed into the rear McGonigle's vehicle while she was stopped at a traffic light in Paducah, Kentucky. The impact of the crash forced McGonigle's vehicle into a second collision with the car in front of hers at the light. McGonigle's vehicle, as well as the vehicle her car was forced into, were both totally destroyed. McGonigle went by ambulance to Western Baptist Hospital in Paducah where she was treated for her injuries.

McGonigle alleges that both Whitehawk and his co-worker and passenger, Jeremy

Belden ("Belden"), were intoxicated at the time of the accident. Following the impact, both men fled the scene of the accident on foot and neither of them notified the authorities about the crash. The Bertram truck was left on the road. Later that evening, investigating Officer Greg Reynolds ("Officer Reynolds") went to the Days Inn Motel where Whitehawk and Belden were staying. Officer Reynolds found Belden at the motel "clearly intoxicated," but Whitehawk was not at the motel at that time.

Officer Reynolds executed an affidavit and criminal complaint against Whitehawk, alleging that he unlawfully left the scene of his accident with McGonigle; failed to stop and render aid or assistance; and failed to report the accident to the proper authorities, in violation of KRS §189.580(1). In addition, the complaint stated that Whitehawk "feloniously and wantonly, under circumstances manifesting extreme indifference to the value of human life, did engage in conduct which created a substantial danger of death or serious physical injury to the victims," in violation of KRS §508.060. The complaint also noted that McGonigle believed Whitehawk to be intoxicated at the time of the accident. On December 7, 2004, Whitehawk was found guilty of leaving the scene of an accident and both first and second degree wanton endangerment.

At the time of the accident, Whitehawk was employed by Bertram as a drill helper. Bertram is a Wyoming corporation with its principal place of business in Montana. Bertram sponsored Whitehawk so that he could drive Bertram commercial vehicles in interstate travel. The company permitted Whitehawk to drive the company vehicle the style of company vehicle that was used during the accident. Bertram employees, including Whitehawk, were in the area working at a project site for Bertram in Calvert City, Kentucky.

The Plaintiffs have asserted a negligence claim against Whitehawk under the Kentucky

Motor Vehicle Reparations Act seeking to recover compensatory and punitive damages. Whitehawk contends that the Plaintiff cannot recover punitive damages against him because his conduct did not amount to gross negligence under standard set forth by the Kentucky Supreme Court in the case of *Williams v. Wilson*, 972 S.W.2d 260, 262 (Ky. 1998).

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence. To support this position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.*, 90 F.3d

1173, 1177 (6th Cir. 1996).  Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tomkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

The Kentucky Supreme Court, in the case of *Brown v. Commonwealth*, stated that "[n]early all auto accidents are the result of negligent conduct, though few are sufficiently reckless as to amount to gross negligence, authorizing punitive damages." *Brown v. Com.*, 174 S.W.3d 421, 436 (Ky. 2005).  The Court went on to note that examples of gross negligence in a car accident context includes incidents of drunk driving. *Id.* (citing *Shortridge v. Rice*, 929 S.W.2d 194 (Ky. App.1996); *Stewart v. Estate of Cooper*, 102 S.W.3d 913 (Ky. 2003)).

Whitehawk contends that the Plaintiffs have not put forth sufficient evidence to demonstrate that he was intoxicated at the time of the accident, and therefore, they cannot recover punitive damages for gross negligence.  Whitehawk argues that both the copy of the Officer Reynold's criminal affidavit as well as McGonigle's statements are inadmissible to show that Whitehawk had been drinking at the time of the accident.  As such, the Court must determine whether there is sufficient evidence to permit a jury to assess the issue of punitive damages.

In *Shortridge v. Rice*, the Kentucky Court of Appeals permitted the issue of punitive damages to go before a jury because the Court found that there was sufficient evidence to justify its submission to a jury. *Shortridge v. Rice*, 929 S.W.2d 194, 198 (Ky. Ct. App. 1996).

However, in *Shortridge*, the evidence was overwhelming that the defendant in that matter had been drinking, including: his own admission to sipping alcohol during the afternoon before the accident; slurred speech; the failing of three (3) sobriety tests; and leaving a bar speeding without using headlights at night. *Id.* In addition, the Court noted that after the accident the defendant attempted to conceal a box of Budwesier behind the seat of the vehicle. *Id.*

In *Cooper v. Barth*, the Kentucky Supreme Court determined that there was sufficient evidence to justify the trial court submitting the issue of punitive of damages to the jury, where the defendant testified that he had consumed less than a glass of wine and a bottle of beer before the accident. *Cooper v. Barth*, 464 S.W.2d 233, 234-5 (Ky. 1971). The Court reasoned that "[t]here was evidence of drinking, speeding, and reckless driving, which the jury very well could have believed, and which the jury obviously did believe, indicated a wanton and reckless disregard for the lives or safety of other persons." *Id.* at 235.

Here, in contrast to both *Shortridge* and *Rice*, the evidence is not as strong to show that Whitehawk may have been drinking and/or intoxicated at the time of the accident. However, the instant matter differs from both *Shortridge* and *Rice* on two very distinct grounds. First, unlike both *Shortridge* and *Rice*, Whitehawk fled the scene of the accident after the car crash and could not be found by the police for more than a day after the incident took place. This limited the opportunity for both the victims of the accident as well as the police to observe the immediate condition of Whitehawk right after the accident took place. Second, Whitehawk has not been cooperative during the discovery process in regards to answering interrogatories at the request of the Plaintiffs regarding his alleged intoxication on the night of the accident. These two (2) actions, along with other circumstantial evidence, demonstrates a likelihood that Whitehawk

may have been drinking before the accident. This evidence includes the fact that the passenger in the vehicle with Whitehawk, Belden, was intoxicated that evening, indicating that Whitehawk had the opportunity to drink and was around the presence of alcohol prior to the accident. In addition, Bertram, in its answers to the Plaintiffs' interrogatories, stated that "[u]pon information and belief, Defendant Whitehawk was operating a company-owned vehicle of Defendant Bertram *while under the influence of intoxicating substances*." Lastly, Bertram terminated Whitehawk on November 25, 2004, for driving under the influence in a company truck. All of this evidence examined collectively demonstrates that Whitehawk may have acted grossly negligent, and therefore, justifies the punitive damage claim going forward at this time.

At this juncture, in looking at the evidence in a light most favorable to the non-moving party, in this case the Plaintiffs, the Court finds that sufficient evidence exists to submit the issue of punitive damages to the jury based on the alleged gross negligence of Defendant Whitehawk for driving under the influence of alcohol.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Partial Summary Judgment is **DENIED**.

An appropriate order shall issue.